UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>                Petitioner,<br><br>  v.<br><br>UNITED STATES FEDERAL BUREAU OF PRISONS,<br><br>                Respondent. | Case No. C14-1768 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner Muhammed Tillisy, proceeding *pro se* and *in forma pauperis,* submitted a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Dkt. 7. Mr. Tillisy also seeks the appointment of counsel. Dkt. 8.

      Mr. Tillisy is currently held at the Federal Detention Center (FDC) at Sea-Tac. Mr. Tillisy seeks an order compelling the U.S. Marshal and the Federal Bureau of Prisons (BOP) to place him in a "higher care level" institution because he is allegedly not receiving the medical care he requires at the FDC. *Id.* Because it appeared that his petition is subject to dismissal because it seeks relief beyond that permitted by a writ of mandamus and Mr. Tillisy has failed to exhaust administrative remedies, the Court granted leave to Mr. Tillisy to explain why his petition should not be dismissed and file an amended petition that cures, if possible, the deficiencies noted. Dkt. 9. Mr. Tillisy has failed to do so. The Court recommends that this

REPORT AND RECOMMENDATION - 1

action be dismissed without prejudice and that Mr. Tillisy's motion for counsel (Dkt. 8) be denied.

## DISCUSSION

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994). A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id.* (*citing Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir.1986)).

**A.     Scope of Relief Requested Exceeds Mandamus Jurisdiction**

Mr. Tillisy has not presented a claim that is sufficiently clear and certain. Mr. Tillisy's mandamus request is based on the alleged failure of unnamed FDC medical staff to provide him with the Oxycode pain medication prescribed for him by hospital staff after his brain surgery in July 2013. Mr. Tillisy further alleges that FDC does not have a 24-hour medical staff who can facilitate a life-threatening condition such as his and because of his condition, he should be placed at a facility that provides a higher level of care. Dkt. 1, pp. 2-3. According to Mr. Tillisy, only the U.S. Marshal Service can direct his transfer to another facility.

While medical staff at the FDC have a ministerial duty to provide Mr. Tillisy with basic medical care, Mr. Tillisy's complaint reflects only that he disagrees with the care that he has received at FDC. There is no medical evidence that the care he has received has been inadequate. Moreover, decisions to refer Mr. Tillisy to a specialist, provide medication, or transfer him to a different facility based on his medical needs are all examples of the discretion

prison medical staff have in determining treatment. Thus, Mr. Tillisy's claim is not "clear and certain." In addition, he has remedies other than mandamus available to him.

**B.      Administrative Remedies**

Mr. Tillisy acknowledges that a grievance process exists at the FDC and that his grievance was denied at the local and regional levels. He also acknowledges that his appeal remains pending at the Central Office. He claims that the Central Office has violated BOP rules to provide a response within sixty days and because his appeal has been pending for six months, he contends that the BOP is preventing him from exhausting.

Petitions for writ of mandamus that arise in the context of civil litigation must comply with the Prison Litigation Reform Act ("PLRA"). *See Martin v. United States*, 96 F.3d 853, 854 (7th Cir.1996). The PLRA requires exhaustion of available administrative remedies for any suit challenging prison conditions. 42 U.S.C. § 1997e(a). Section 1997e(a) requires complete exhaustion through any available process and those remedies need not meet federal standards, nor must they be plain, speedy, and effective. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam).

Based on the complaint alone, it appears that Mr. Tillisy has not exhausted his administrative remedies because the appeal remains pending. Mr. Tillisy's allegation that BOP is "preventing" him from exhausting is not supported by further allegation or evidence. Mr. Tillisy was directed to show why his complaint should not be dismissed for failure to exhaust but he has failed to do so.

//

REPORT AND RECOMMENDATION - 3

**C.    Injunctive Relief**

To the extent Mr. Tillisy's request to be transferred to a different facility with "a higher level of care" can be construed as a motion for injunctive relief, such relief is not warranted because, as explained above, Mr. Tillisy has not exhausted administrative remedies as to his claims.  In addition, to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (*citing Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008)).

Mr. Tillisy claims that he is not receiving the pain medication that was prescribed in the hospital after his surgery in 2013 and that his condition requires that he be in "at least a Care Level 3 or 4."  He contends that FDC does not have 24 hour medical staff and thus, if for example his shunt were to become infected at night, he would not receive treatment and custody staff will not call 911 or transport him to the emergency room.  Dkt. 1, p.4.  While Mr. Tillisy may have been dissatisfied with his medical provider's refusal to provide him with "Oxycode" post-surgery, he has submitted no evidence showing that decisions made by anyone at FDC at that time or thereafter were medically unsound, let alone a manifestation of deliberate indifference to his medical needs.  In addition, Mr. Tillisy's alleged injury should he not be granted temporary relief, *i.e.,* the possibility that his shunt will become infected at night and he will die before he receives treatment, can only be described as speculative.  There is no medical evidence to support such a claim.  Speculative injury does not justify finding an immediate threat of irreparable harm.  *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988).

REPORT AND RECOMMENDATION - 4

Mr. Tillisy also fails to show a probability of success on the merits of his complaint. Mr. Tillisy alleges that he suffered severe pain in his head and could not stand for long periods of time after he was discharged from the hospital in 2013. He provides no evidence or allegations from which it may be inferred that he suffered from a serious medical need at that time or thereafter. Nor does he identify any individual at FDC who personally participated in depriving him of a constitutional right. It must appear in his request that he has some likelihood of proving that the medical care he received at FDC was constitutionally inadequate. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (prison medical staff provide constitutionally inadequate medical care when they are deliberately indifferent to a prisoner's serious medical needs). In addition, Mr. Tillisy cannot succeed on the merits based on a claim of negligence or his own general disagreement with the treatment he has received. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

Therefore and to the extent Mr. Tillisy's complaint can reasonably be construed as a motion for injunctive relief, his complaint should be dismissed.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, Mr. Tillisy was given an opportunity to amend his complaint but has failed to do so.

The Court recommends that Petitioner's § 1361 action be **DISMISSED without prejudice.** Petitioner's motion for counsel (Dkt. 8) should be **DENIED as moot.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation

REPORT AND RECOMMENDATION - 5

must be filed by **Friday, March 6, 2015.** If Mr. Tillisy believes that further amendment will cure the deficiencies in his complaint, he may submit a second amended complaint with his objections. The matter will be ready for Court's consideration on **Tuesday, March 10, 2015** and the Clerk should so note it. Objections shall not exceed seven pages. The failure to timely object may affect the right to appeal. The Clerk shall provide a copy of this Report and Recommendation to Petitioner and to the Honorable Ricardo S. Martinez.

DATED this <u>13th</u> day of February, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6